# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) | |
| ) | **Case No.:** CIV-13-789-M |
| v. ) | |
| ) | |
| MIDWEST REGIONAL MEDICAL CENTER, LLC., ) ) | |
| ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Amendments Act of 2008, as amended, ("ADAAA")  to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Janice Withers, who was adversely affected by such practices.

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12117(a), as amended, which incorporates by reference Sections 2000e-4 through 9 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

2.     The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

**PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADAAA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

4.     At all relevant times, Defendant Midwest Regional Medical Center, LLC,(the "Defendant"), has continuously been doing business in the State of Oklahoma and the City of Midwest City, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADAAA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADAAA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Janice Withers timely filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least March 5, 2012 Defendant  has engaged in unlawful employment practices, in violation of Section 102 of Title I of the ADAAA, 42 U.S.C. § 12112, in that:

(a).     Janice Withers has cancer. Her cancer substantially limits normal cell growth. Janice Withers has also undergone radiation treatment for cancer. The negative side effects of treatment, such as nausea and fatigue, further substantially limits her in additional major life activities, including: standing, thinking, concentrating, interacting with others, eating and performing manual tasks. Accordingly, she is a qualified individual with a disability as defined in the ADAAA.

(b).     Ms. Withers  was hired on October 3, 2011, as a Nurse Aide.

(c).     In late December 2011, Withers advised her supervisor, RN Susan Milan, that she had been diagnosed, in mid-November

3

2011, with basil cell carcinoma (skin cancer) and would

undergo radiation treatment during the period January through

February 2012.  At that time, Milan offered Withers a leave of

absence, but Withers indicated she wanted to try and work

through the treatment. Milan advised Withers that her cancer

and treatment would not be a problem and would not affect

her employment.

(d).      Withers concluded radiation treatment, but called in sick

because of nausea and fatigue, the residual side effects of her

treatment, on March 2 through March 4, 2012.

(e).      On March 5, 2012, RN Susan Milan, contacted Withers by

telephone and advised that she was placing her on a leave of

absence for the period March 5 through March 12, 2012.

Milan advised Withers to "get rested up from the radiation."

(f).      Milan sent Withers a letter, dated March 5, memorializing that

she had been placed on a leave of absence until March 12.

The letter provided that Withers  was expected to obtain an

unrestricted release to work, and return to work no later than

March 12. The letter instructed Withers to contact Milan by

March 12 if she was unable to obtain an unrestricted release

4

to work. The letter did not instruct Withers to contact or

report to her supervisor each day of her leave of absence.

(g).    On March 12, 2012, Withers contacted Milan who advised

her that she was discharged as of March 9 for "no call/no

show" on March 6-8. Withers asked Milan, "How can you do

that? You had me on a LOA.," and Milan replied, "I just can."

A termination letter dated March 9 from Milan to Withers

memorializes this basis for termination.

(h).    Withers could have returned to work on March 12 and

performed her essential job functions with or without

reasonable accommodation had she been permitted to do so.

(i).    Therefore, Defendant discriminated against Ms. Withers by

terminating her employment on March 9, 2012 on the basis of

her disability.

9.    The effect of the practices complained of in paragraph 8 (a) through

(i) has been to deprive Ms. Withers of equal employment opportunities and otherwise

adversely affect her employment status on the basis of her disability.

10.    The unlawful employment practices complained of in paragraph 8 (a)

through (i) above were intentional.

5

11.    The unlawful employment practices complained of in  paragraph 8 (a) through (i) above were done with malice or with reckless indifference to the federally protected rights of Ms. Withers, thus entitling her to an award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities, to eradicate the effects of Defendant's past and present unlawful employment practices.

C.    Order Defendant to make Janice Withers whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D.    Order Defendant to make Janice Withers whole by providing compensation for past, present, and future pecuniary and non-pecuniary injuries resulting from the unlawful practices complained of at paragraph 8(a) through (i), above, including

emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

       E.      Order Defendant to reinstate Janice Withers, or compensate her with an appropriate amount as front pay, along with applicable interest.

       F.      Order Defendant to pay Janice Withers punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

       G.      Grant such further relief as the Court deems necessary and proper in the public interest.

       H.      Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

7

St. Louis District Office
122 Spruce Street,
Room  8.100
St. Louis, Missouri 63103
314-539-7910
facsimile: 314-539-7895
barbara.seely@eeoc.gov

C. FELIX MILLER
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
122 Spruce Street,
Room 8.100
St. Louis, Missouri 63103
314-539-7914
facsimile: 314-539-7895
felix.miller@eeoc.gov

/s/ Patrick J. Holman
PATRICK J. HOLMAN,
OBA No.: 21216
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone);
(405) 231-5816 (fax)
patrick.holman@eeoc.gov

**ATTORNEY FOR PLAINTIFF**