IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
      Plaintiff, )
 )
v. )   Case No. CIV-13-789-M
 )
MIDWEST REGIONAL MEDICAL )
CENTER, LLC., )
 )
      Defendant. )

## ORDER

Before the Court is Plaintiff EEOC's Motion to Quash and for Protective Order Regarding Defendant's Subpoenas to Pre-MRMC and Post-MRMC Employers of Janice Withers and for Attorney Fee and Brief in Support ("Motion to Quash and Protective Order"), filed February 25, 2014. On March 17, 2014, defendant responded, and on March 24, 2014, plaintiff replied. Based on the parties' submissions, the Court makes its determination.

I.    Background

On February 18, 2014, defendant served plaintiff with notice of eight subpoenas deuces tecum being served on current and former employers of Janice Withers ("Withers"). Withers was employed with six of these employers[1] prior to her employment with defendant and employed with the other two[2] employers subsequent to her employment with defendant. Each of the subpoenas commanded the production of the following:

---

[1] Withers' previous employers prior to working for defendant include Community Health (89th St., OKC), Community Health (N. Santa Fe, OKC), HIS Acquisition No. 127, Inc., Bellevue Northwest Nursing, Windsor Hills Nursing Center, and Moore Nursing Home.

[2] Subsequent to working for defendant, Withers has worked for St. Anthony Hospital and is currently employed with OU Medical Center.

> [P]ersonnel file of Janice Lynn Withers, formerly Janice Buck, . . . including but not limited to applications for employment, evaluations, attendance records, payroll records, hours worked, and all other materials contained within the employment file.

Notice of Subpoena Duces Tecum (Multiple), attached as Exhibit 1 to Plaintiff's Motion to Quash and Protective Order.

## II. Discussion

Plaintiff now moves the Court to quash the eight subpoenas or, alternatively, seeks a protective order modifying the subpoenas to prevent further abuses of the discovery process. Plaintiff asserts that the subpoenas are overbroad on their face and defendant cannot meet its burden to show that the subpoenas are reasonably calculated to lead to relevant information. Plaintiff's Motion to Quash and Protective Order at 1. Plaintiff also requests this Court issue a protective order barring defendant from taking a deposition of a scheduler at OU Medical Center.[3]

### A. Scope of subpoenas

Plaintiff contends that defendant's subpoenas of Withers' employment records are impermissibly overbroad and seek irrelevant information. Defendant asserts that the employment records requested are relevant to show whether Withers (1) had a history of unexcused absences with other employers and (2) mitigated damages. Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any

---
[3] Defendant seeks to depose Lea Ann Brown, scheduling person, at OU Medical Center regarding Ms. Withers' work schedule.

> discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Having reviewed the parties' submissions, the Court finds that defendant has failed to show how Withers' current and past employment records are relevant to the issues in this case, other than to show Withers mitigated damages. The Court specifically finds that the subpoenas requesting Withers' employment records prior to her working for defendant are irrelevant to the issue of whether defendant terminated Withers because of her disability, and the subpoenas to Withers' post-defendant employers should be limited only to dates of employment, wages and benefits received, and the reason for separation of employment. Accordingly, the Court finds defendant's six subpoenas for Withers' employment records from Community Health (S.W. 89th, OKC), Community Health (N. Santa Fe, OKC), HIS Acquisition No. 127, Inc., Bellevue Northwest Nursing, Windsor Hills Nursing Center, and Moore Nursing Home should be quashed, and the subpoenas to St. Anthony Hospital and OU Medical Center should be limited to the production of documents indicating dates of employment, wages and benefits received, and the reason for separation of employment.

### B. Deposition of Current Employer

Defendant seeks to depose a scheduler at OU Medical Center, Withers' current employer, as to Withers' schedule in 2013. Plaintiff asserts that "a deposition of Withers' current employer by MRMC is excessive, amounts to undue harassment and oppression which could jeopardize her existing employment relationship, and should not be allowed." Motion to Quash and Protective Order at 18. Federal Rule of Civil Procedure 26(c) provides, in pertinent part:

3

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). The party seeking to quash a deposition notice or seeking a protective order bears the burden to show good cause for it. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has shown good cause as to why defendant should not depose the scheduler at OU Medical Center. The Court finds that defendant can seek this information by different means such as a written discovery request and/or through deposing Withers. Further, the Court finds that deposing Withers' current employer, OU Medical Center, could cause annoyance and embarrassment. Accordingly, the Court finds that defendant must obtain Withers' scheduling information with her current employer, OU Medical Center, through less intrusive means than a deposition of the scheduler.

III.   Attorney Fees

Plaintiff requests the Court to award attorney fees against defendant for the time and labor necessary to file this motion. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). The Court finds that attorney fees against defendant are not warranted, since the Court is only partially granting plaintiff's motion.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff EEOC's Motion to Quash and For Protective Order Regarding Defendant's Subpoenas to Pre-MRMC and Post-MRMC Employers of Janice Withers and for Attorney Fee and Brief in Support [docket no. 20] as follows:

1. Defendant's six subpoenas to Ms. Withers' pre-defendant employers are quashed;

2. Defendant's subpoenas to Ms. Withers' post-defendant employers are limited only to the discovery of documents indicating dates of employment, wages and benefits received, and the reason for separation of employment;

3. Defendant is prohibited from deposing Ms. Withers' current employer OU Medical Center; and

4. Plaintiff is not entitled to attorney's fees for the filing of this motion.

**IT IS ORDERED this 30th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE