# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDWEST REGIONAL MEDICAL CENTER, LLC., )<br>)<br>Defendant. ) | Case No. CIV-13-789-M |

## ORDER

Before the Court is plaintiff's Motion for Protective Order and to Quash Subpoenas Issued by Defendant for Medical Records of the Charging Party and Brief in Support ("Motion for Protective Order and to Quash Subpoenas"), filed January 02, 2014. On January 20, 2014, defendant filed its response, and on January 24, 2014, plaintiff filed its reply. Based on the parties' submissions, the Court makes its determination.

I.  Background

Between the dates of December 26 and 27, 2013, defendant served subpoenas duces tecum on the following medical providers: Skin Cancer Treatment Center, R.J. Langerman, Jr. D.O., Jeffery M. Thompson, M.D., and Eric West, M.D. Each of the subpoenas commanded the production of the following:

> A complete copy of any/all medical records in your possession for Janice Withers[1] (a/k/a Janice Buck) . . . including but not limited to all physician reports, progress notes, intake materials, patient statements and information, nursing home notes, diagnostic tests results, radiology, laboratory records, correspondence, photographs and all other materials contained within the complete medical file.

---

[1] Janice Withers, is the charging party and the individual for whom the plaintiff seeks relief in this case.

Notice of Subpoena Duces Tecum, attached as Exhibit 3 to Plaintiff's Motion for Protective Order and to Quash Subpoenas. Plaintiff was served notice of the subpoenas electronically on December 24, 2014.

## II.     Discussion

Plaintiff now moves the Court for a protective order and to quash the four (4) subpoenas duces tecum. Plaintiff asserts that the subpoenas should be quashed because (1) they were issued without requisite notice; (2) the subpoenas are overbroad as to temporal scope and subject matter; and (3) the subpoenas do not comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

### A.     Notice

Plaintiff asserts that defendant violated Federal Rule of Civil Procedure 45(b)(1) when it provided plaintiff notice of the subpoenas at the same time it mailed the subpoenas to the medical providers. Plaintiff's Motion for Protective Order and to Quash Subpoenas at 11. Rule 45(b)(1) provides, in pertinent part:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

Fed. R. Civ. P. 45(b)(1). "[T]he 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena." *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003).

Defendant provided notice to plaintiff electronically on December 24, 2013, the same day it mailed the subpoenas. The medical providers were served between December 26 and 27, 2013. Plaintiff filed this motion to quash on January 02, 2014 objecting to the subpoenas. Because the

purpose of Rule 45(b)(1)'s notice requirement fully has been met in this case, the Court finds the subpoenas should not be quashed on the basis of lack of notice.

B.  Scope of subpoenas

Plaintiff contends that defendant's subpoenas should be quashed because they are overbroad as to temporal scope and subject matter, and defendant is already in possession of all medical records relating to Janice Withers' 2011 skin cancer diagnosis and treatment. Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Further, in disability cases, "ADA plaintiffs like plaintiffs in an action for medical malpractice, waive all privileges and privacy interest related to their claim by virtue of filing the complaint." *Buttler v. Burroughs Wellcome, Inc.*, 920 F. Supp. 90, 92 (E.D. N.C. 1996).

Defendant asserts that since this is an ADA disability claim, the medical records requested are relevant to the issues of disability, causation, and damages, and that defendant "is entitled to Ms. Withers' medical records to challenge the credibility of Ms. Withers' initial Complaint, determine other medical issues [of] Ms. Withers that may or may not have impacted her employment, what reasonable accommodation may or may not apply, etc." Def.'s Resp. to Plt.'s Motion for Protective Order and to Quash Subpoenas at 7. Defendant further asserts that

the subpoenaed medical records are relevant since plaintiff/Ms.Withers has requested the "garden variety" emotional damages, "specifically asking for damages for 'emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment, and humiliation.'" *Id*. (*citing* plaintiff's Complaint at 7 ¶ D). Plaintiff contends that based on the standard used by federal district courts in Oklahoma[2], defendant has failed to meet the burden of proving the requested medical records of Ms. Withers are relevant to her disability claim at issue in this case.

Having carefully reviewed the parties' submissions, the Court finds that defendant's subpoenas of Ms. Withers' medical records are overbroad in temporal scope and subject matter and should be limited to a discovery period of one year prior to and one year subsequent to Ms. Withers' employment with defendant. Specifically, the Court finds that medical records prior to a year before and after a year subsequent to Ms. Withers' employment with defendant are irrelevant to the disability claim at issue in this case. The Court further finds that although the scope of the subpoenas has been limited, defendant should be able to adequately discover any potential evidence that may impact plaintiff's claim for pecuniary damages for out-of-pocket pay for Ms. Withers. Accordingly, the Court finds that defendant's subpoenas regarding Ms. Withers' medical records should be limited to one year prior and one year subsequent to Ms. Withers' employment with defendant.

---

[2]In *EEOC v. Citgo Petroleum Corp.,* No. 03-1363-R (W.D. Okla. 2004) [docket no. 19], the Court found that defendant failed to show how plaintiff's medical records not related to the condition at issue were relevant to any claim or defense, or might lead to discovery of admissible evidence. Plt.'s Reply to Def.'s Resp. to Plt.'s Motion for Protective Order and to Quash Subpoenas at 4. Further the Court found that "although medical records pertaining to any consultation or treatment [the] [charging party] received for emotional distress or a mental or psychological condition would be relevant to the EEOC's claim for emotional distress, such discovery is improper where no such records exist on account that no such treatment was received." *Id*. (*citing Citgo Petroleum Corp*., at 2-3).

C.  HIPAA Compliance

Plaintiff asserts that defendant's subpoenas should be quashed because they are not HIPAA compliant. Plaintiff contends that defendant has failed to show one of the following:

> (i) "satisfactory assurance" that the "individual who is the subject of the protected health information that has been requested has been given notice of the request" as set forth at 48 C.F.R. Part 164.512(e)(1)(ii)(A) and (iii), or … (ii) "satisfactory assurance" … "that reasonable efforts have been made by [the requesting party] to secure a qualified protective order that meets the requirements of [HIPAA] . . . .

Plt.'s Motion for Protective Order and to Quash Subpoenas at 13. On February 11, 2014, the Court entered an Agreed Protective Order in this case that states in part:

> The Court ORDERS the following:
>
> 1. This Order shall govern confidential documents and other materials produced and information disclosed, during the course of discovery or pretrial procedures, by any party to this action.
>
> 2. For the purposes of this Order, the following information may be designated as confidential:
>    (A) Health records or other Protected Health Information of Charging Party;
>    (B) Financial records of any party, including financial statements, income tax returns and/or pay stubs;
>    (C) Additional narrowly defined categories of sensitive discoverable information properly disclosed in the lawsuit, and identified as such by either party, which may include personnel records from employment.
>
> The above documents and information shall be referred to herein as "Confidential Information."

Docket No.18. As a result of the Court's February 11, 2014 Order, plaintiff's claim that defendant's subpoenas should be quashed for not being HIPPA compliant is now moot.

5

III.  Conclusion

Accordingly, for the reasons set forth above, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion for Protective Order and to Quash Subpoenas Issued by Defendant for Medical Records of the Charging Party and Brief in Support [docket no. 14]. Defendant's four (4) Subopenas Dues Tecum, requesting medical records from Ms. Withers' medical providers, are limited to a period of one year prior and one year subsequent to Ms. Withers' employment with defendant.

**IT SO ORDERED this 30th day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE