**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )
      Plaintiff,                        )
                                      )
v.                                    )          Case No. CIV-13-789-M
                                      )
MIDWEST REGIONAL MEDICAL              )
CENTER, LLC.,                         )
                                      )
      Defendant.                        )

## ORDER

Before the Court is Plaintiff EEOC's Motion to Compel, filed April 14, 2014. On May 9,

2014, defendant Midwest Regional Medical Center, LLC. ("MRMC") filed its response, and on

May 16, 2014, the EEOC filed its reply. Based on the parties' submissions, the Court makes its

determination.

I.      Introduction[1]

In this instant action, the EEOC alleges that Janice Withers ("Withers")[2] was

discriminated against, pursuant to Title I of the American with Disabilities Act, by her former

employer, MRMC. Withers was employed by MRMC from October 03, 2011, until she was

terminated on March 09, 2012. In late December 2011, Withers informed her supervisor, RN

Susan Milan ("Milan"), that she had been diagnosed with skin cancer. On March 5, 2012, Milan

placed Withers on a leave of absence from March 5 through March 12, 2012, to rest from her

radiation treatment. On March 12, 2012, Milan informed Withers that she was terminated for not

calling in on March 6-8, 2012.

---

[1] The alleged facts are taken from the EEOC's Complaint [docket no. 1].
[2] Janice Withers is the individual for whom the EEOC seeks relief in this case.

On February 28, 2014, the EEOC issued a Notice of 30(b)(6) Deposition to Defendant. As a result of MRMC's objections to Topics 2, 5, 6, 13, and a portion of Topic 7 of the Notice, the EEOC filed this Motion. Pursuant to Federal Rule of Civil Procedure 37(a)(1), (a)(3)(B)(ii), (iv), and (a)(5)(A), the EEOC requests this Court compel the following discovery: (1) MRMC's designation and production of a Rule 30(b)(6) witness over its objections; (2) MRMC's production of financial information; and (3) MRMC to conduct a reasonable and meaningful search for and production of e-mail. The EEOC also requests reasonable attorney's fees for bringing this motion.

II.    Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense − including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.   For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.    Rule 30(b)(6) Witness

Federal Rule of Civil Procedure 30(b)(6) provides that:

> In its notice . . . , a party may name as the deponent a . . . private corporation, . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will

testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

### i. Topic 2

The EEOC seeks to depose a Rule 30(b)(6) witness as to:

Information concerning the content and individual source of factual contentions contained in Defendant's position statement(s) and correspondence to the EEOC during the investigation of the charge underlying this lawsuit.

Pl.'s Mtn. to Compel Ex. 1 at 3. MRMC asserts that the witnesses who could supply factual information as to Topic 2 have already been deposed[3] or is MRMC's counsel in this action, and deposing its counsel would invade its attorney client privilege and/or attorney work product. The EEOC contends that MRMC has never designated or produced a Rule 30(b)(6) witness to testify as to Topic 2 and that the EEOC only seeks a Rule 30(b)(6) witness to "discuss factual information represented in MRMC's position statement and related correspondence to EEOC." Pl.'s Reply at 2.

Having carefully reviewed the parties' submissions, the Court finds that a Rule 30(b)(6) witness to discuss the factual information represented in MRMC's position statement and related correspondences to the EEOC regarding the charge in the underlying lawsuit should be produced. Further, the Court finds that, if the designated witness is MRMC's counsel in this action, counsel is only required to testify as to the factual information represented in these documents and not counsel's legal theories concerning those facts.

### ii. Topics 5 and 6

The EEOC seeks to depose a Rule 30(b)(6) witness as to:

---

[3] These witnesses are Milan, JoDee Tinga ("Tinga"), and Angela Giese ("Giese").

> Information concerning the recommendation, authorization, and approval process of Withers' March 2012 medical leave of absence, and the identities of everyone involved.

and as to:

> Information concerning the recommendation, authorization, and approval process of Withers' March 2012 termination of employment, and the identities of everyone involved, including individuals at Defendant's corporate home office.

Pl.'s Mtn. to Compel Ex. 1 at 3. MRMC asserts that the witnesses involved in the recommendation, authorization, and approval process of Withers' March 2012 medical leave of absence and termination have already been provided. Further, additional witnesses, Amy Voliva and Shirley Roberson, were supplied to testify as to MRMC's leave of absence process. MRMC also asserts that "there is no evidence that anyone from the 'corporate home office' was involved" and that the parent corporation of MRMC was acquired in late January and, therefore, "there would be no one at 'corporate headquarters' to testify anyway."[4] Df.'s Resp. at 7. The EEOC contends that the witnesses that were previously deposed as to Topics 5 and 6 were fact witnesses and did not speak on behalf of MRMC.

Having carefully reviewed the parties' submissions, the Court finds that MRMC is not required to produce a Rule 30(b)(6) witness to address the recommendation, authorization, and approval process of Withers' March 2012 medical leave of absence and termination. Specifically, the Court finds that MRMC has already produced witnesses to testify as to topics 5 and 6 and that it would be a waste of the parties' time and resources to produce a Rule 30(b)(6) witness to testify to these topics due to the ownership changes in MRMC's parent corporation.

### iii.   Topic 7

The EEOC seeks to depose a Rule 30(b)(6) witness as to:

---

[4] On January 27, 2014, the parent corporation of MRMC, Health Management Associates, Inc. was acquired by Community Health Systems.

> Information concerning Defendant's document retention and
> destruction policies and procedures as it relates to personnel
> records of former employees and as it relates to emails, both
> locally and at Defendant's corporate home office.

Pl.'s Mtn. to Compel Ex. 1 at 3. The EEOC asserts that while MRMC did produce a witness to testify as to its search efforts, "the witness was completely unprepared to discuss MRMC's corporate electronic storage systems, retention, and destruction policies as they relate to e-mail, let alone the retrieveability of electronically stored e-mails." Pl.'s Mtn. to Compel at 11. MRMC asserts it has produced witnesses for deposition as to the issue and has currently offered an additional witness, the internet technology representative Gayla Lowman.[5]

Having carefully reviewed the parties' submissions, the Court finds that MRMC must produce a Rule 30(b)(6) witness prepared to discuss document retention and destruction policies and procedures as it relates to personnel records of former employees and as it relates to emails, both locally and at MRMC's corporate home office.

### iv. Topic 13

The EEOC seeks to depose a Rule 30(b)(6) witness as to:

> Information concerning the factual basis for each of Defendant's
> alleged affirmative defenses as contained in its Amended Answer
> [Doc. 6, ¶ 14 (a)-(k)].

Pl.'s Mtn. to Compel Ex. 1 at 3. MRMC contends that "affirmative defenses asserted constitute attorney work product, and if any discovery should be allowed, it should be by contention interrogatories." Df. Resp. at 8. The EEOC asserts it is seeking the factual basis behind MRMC's affirmative defenses, and that if this information can be divulged through interrogatories, it can be divulged through a deposition.

---

[5] Lowman's deposition was in the process of being scheduled when MRMC's Response was filed.

Having carefully reviewed the parties' submissions, the Court finds that while a deposition to the factual basis of MRMC's affirmative defenses would be appropriate, in the interest of time in this case, the Court grants the EEOC twenty (20) additional interrogatories to obtain the factual basis behind MRMC's affirmative defenses.

B.    Reasonable Search of E-Mail

The EEOC requests a reasonable thorough search of e-mails be completed by MRMC and any e-mails pertaining to Withers be produced. MRMC contends that an e-mail search has already been completed and e-mails that have been located have already been produced.

> Under the Federal Rules, in addition to this court's discovery orders, the litigants and counsel [are] expected to take the necessary steps to ensure that relevant records [are] preserved when litigation [is] reasonably anticipated or began, and that those records [are] collected, reviewed, and produced to the opposing party during the discovery process.

*Philips Elec. 2N. Am. Corp. v. BC Technical*, 773 F. Supp. 2d 1149, 1159 (D. Utah 2011).

Having carefully reviewed the parties' submissions, the Court finds MRMC should be compelled to do a more thorough search for any e-mails pertaining to Withers. The EEOC contends that MRMC's Rule 30(b)(6) witness was unprepared to discuss MRMC's e-mail storage, retention, and destruction policies and the witness testified that "other than looking to see if former employees had saved any e-mails to a shared drive, no effort was made to retrieve responsive e-mails of Milan, Tinga, and Giese[6] and MRMC's parent corporation which oversaw its HR functions." Pl.'s Mtn. to Compel at 12. The Court finds that Withers filed a charge with the EEOC on April 11, 2012, and that the EEOC notified MRMC about the charge on May 1, 2012. Df.'s Resp. Exs. 13 & 14. On May 1, 2012, MRMC should have taken the steps to

---

[6] Milan, Tinga, and Giese, at different times in 2012, resigned their positions with MRMC.

preserve any documents, including electronic documents, pertaining to Withers in anticipation of litigation. Accordingly, MRMC must do a thorough search of any e-mails pertaining to Withers, and if no e-mails are produced, MRMC should make arrangements to meet and confer with representatives of the EEOC who are experienced in forensic discovery of electronically stored information.

C. Financial Information

The Tenth Circuit has found that the financial wealth of a corporation is relevant to punitive damages. *Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996). The EEOC seeks punitive damages in this case and requests MRMC produce its financial information pertaining to its financial net worth. MRMC contends that the EEOC's request is overly broad and that since there is a statutory cap on punitive damages, the request is irrelevant.

Having reviewed the parties' submissions, the Court finds that MRMC must produce the financial information requested by the EEOC which includes financial statements showing gross profits for 2012 and 2013, income tax returns for those same years, and documents showing net worth. As the EEOC stated in its Motion to Compel, a protective order is already in place to protect the disclosure of MRMC's financial information.

III. Attorney Fees

The EEOC requests the Court award attorney fees against MRMC for the time and labor necessary to file this motion. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). The Court finds that attorney fees against MRMC are not warranted, since the Court is only partially granting the EEOC's motion.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff EEOC's Motion to Compel [docket no. 30] as follows:

1. The Court GRANTS the EEOC's Motion to Compel as to requiring MRMC to produce a Rule 30(b)(6) witness to testify as to Topics 2 and 7 in the EEOC's Notice of 30(b)(6) Deposition to Defendant;

2. The Court DENIES the EEOC's Motion to Compel as to requiring MRMC to produce a Rule 30(b)(6) witness to testify as to Topics 5 and 6 in the EEOC's Notice of 30(b)(6) Deposition to Defendant;

3. The Court DENIES the EEOC's Motion to Compel as to requiring MRMC to produce a Rule 30(b)(6) witness to testify as to Topic 13, and GRANTS the EEOC 20 additional interrogatories to obtain the information requested as to Topic 13 in the EEOC's Notice of 30(b)(6) Deposition to Defendant;

4. The Court GRANTS the EEOC's Motion to Compel as to requiring MRMC to do a reasonable and thorough e-mail search and to produce any documents pertaining to Janice Withers; MRMC will have until June 23, 2014, to produce any e-mail documents pertaining to Jancie Withers;

5. The Court GRANTS the EEOC's Motion to Compel as to requiring MRMC to produce financial information pertaining to its financial net worth and COMPELS MRMC to produce all financial information requested; MRMC will have seven (7) days from the date of this Order to produce its financial information; and

6. The Court DENIES the EEOC's Motion to Compel as to attorney fees.

**IT IS SO ORDERED this 6th day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE