# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDWEST REGIONAL MEDICAL CENTER, LLC., )<br>)<br>Defendant. ) | Case No. CIV-13-789-M |

## ORDER

Before the Court is Defendant Midwest Regional Medical Center, LLC's ("MRMC") Motion to Compel Production of Social Security Disability File of Janice Withers ("Withers"), filed April 3, 2014. On April 24, 2014, plaintiff, the Equal Employment Opportunity Commission ("EEOC") filed its response, and on May 1, 2014, MRMC filed its reply. Based on the parties' submissions, the Court makes its determination.

I.    Introduction[1]

In this instant action, the EEOC alleges that Janice Withers ("Withers")[2] was discriminated against, pursuant to Title I of the American with Disabilities Act ("ADA"), by her former employer, MRMC. Withers was employed by MRMC from October 03, 2011, until she was terminated on March 09, 2012. In late December 2011, Withers informed her supervisor, RN Susan Milan ("Milan"), that she had been diagnosed with skin cancer. On March 5, 2012, Milan placed Withers on a leave of absence from March 5 through March 12, 2012, to rest from her

---

[1] The alleged facts are taken from the EEOC's Complaint [docket no. 1].
[2] Janice Withers is the individual for whom the EEOC seeks relief in this case.

radiation treatment. On March 12, 2012, Milan informed Withers that she was terminated for not calling in on March 6-8, 2012.

II.     Discussion

Pursuant to Federal Rule of Civil Procedure 37(a)(1), MRMC moves this Court to compel the EEOC to respond to MRMC's Request for Production No. 10, which requests:

> All Social Security Disability records of Janice Withers including but not limited to, applications, medical records, determinations, etc. (as testified to by Janice Withers in her deposition). . .[3]

Df.'s Mtn. to Compel Ex. 1 at 1. MRMC asserts that it seeks Withers' Social Security Disability records to discover information as to why she contended to the Social Security Administration that she was disabled and could not work, to address her numerous absences while employed at MRMC, and to discover information as to whether Withers mitigated her damages. MRMC also contends that Withers' application for Social Security Disability could lead to a judicial estoppel defense. The EEOC asserts that Withers' Social Security Disability record is irrelevant and not a proper subject of discovery.

Having carefully reviewed the parties' submissions, the Court finds that the EEOC is not required to produce Withers' Social Security Disability records. On April 30, 2014, this Court entered an Order quashing MRMC's subpoena duces tecum for Withers' medical records prior to October 3, 2010 and after March 5, 2013. The Court finds that Withers' 2009 Social Security Disability record is outside the scope of medical records the Court has permitted to be produced on behalf of Withers. The Court also finds that the EEOC is not estopped from bringing an ADA claim on behalf of Withers. The Tenth Circuit has found that,

---

[3] Withers testified during her deposition on December 18, 2013, that she had filed for Social Security Disability in 2009, after she was diagnosed with COPD (Chronic Obstructive Pulmonary Disease) and emphysema. Withers also testified that her Social Security Disability application was eventually denied.

2

> "the application for, or receipt of, social security disability benefits
> does not estop a plaintiff from pursing a claim under the ADA."

*Aldrich v. Boeing Co.*, 146 F.3d 1265, 1268 (10th Cir. 1998) (internal citation omitted). Further, the Court finds that Withers' Social Security Disability claim based on her COPD and emphysema diagnosis is irrelevant in this case, and specifically is irrelevant to the issue of Withers' numerous absences while employed at MRMC. Withers' ADA claim is based on her skin cancer diagnosis, and the issue in this case is whether MRMC discriminated against Withers based on her skin cancer diagnosis, not her COPD and emphysema diagnosis. Lastly, the Court finds that Withers Social Security Disability record is not relevant as to whether Withers mitigated damages. In her deposition, Withers testified that she filed for Social Security Disability in 2009 due to her diagnosis of COPD and emphysema. Once it was determined that Withers was able to work and her Social Security Disability application was denied, she pursued employment opportunities. Further after being terminated from MRMC, Withers received unemployment benefits, worked at St. Anthony Hospital, and currently works at OU Medical Center.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Midwest Regional Medical Center, LLC's Motion to Compel Production of Social Security Disability File of Janice Withers [docket no. 25].

**IT IS SO ORDERED this 6th day of June, 2014.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE