# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. CIV-13-789-M |
| ) MIDWEST REGIONAL MEDICAL CENTER, LLC., ) ) ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Midwest Regional Medical Center, LLC's ("MRMC") Motion to Reconsider Order (Document #35), filed May 27, 2014. On June 17, 2014, plaintiff Equal Employment Opportunity Commission ("EEOC") filed its response, and on June 23, 2014, MRMC filed its reply. Based upon the parties' submissions, the Court makes its determination.

MRMC, pursuant to Federal Rules of Civil Procedure 54(b), (59)(e), and 60(b), moves this Court to reconsider/amend/alter its Order entered April 30, 2014 [docket no. 35]. MRMC specifically asserts that the grounds for reconsideration are "newly discovered evidence not previously available that reveals incorrect information regarding the current employment of Janice Withers ("Withers")[1] and additional new information regarding her termination from OU Medical Center ("OU Medical")." Mtn. to Reconsider at 1. MRMC contends this Court should reconsider its Order and allow for the discovery of: (1) deposition of both the scheduling person and the supervisor at OU Medical, (2) the complete employment records at OU Medical as originally requested by MRMC, and (3) limited discovery of personnel files of pre-MRMC employers of Withers.

---

[1] Janice Withers is the charging party on whose behalf the EEOC is bringing this suit.

I.  Discussion

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

A.  Depositions of OU Medical Employees and Access to Withers' OU Medical Personnel Files.

MRMC contends that the personnel records produced by OU Medical for Withers indicated that her employment concluded on or about September 17, 2013. MRMC asserts that Withers gave deposition testimony on December 13, 2013, stating, at the time, she was currently employed with OU Medical. MRMC contends that since Withers is no longer employed with OU Medical, the Court should reconsider its decision and permit the deposition of the scheduler at OU Medical Lea Ann Brown (or her successor) and Withers' supervisor at OU Medical, Darla Brown. MRMC also asserts the Court should reconsider its decision and allow it access to Withers' entire OU Medical personnel file.

The EEOC, in its Response, acknowledges that, in light of the fact that Withers no longer works for OU Medical, it no longer objects to the deposition of the scheduler at OU Medical and has agreed to the deposition. Accordingly, the Court finds MRMC's contention that the Court should reconsider its decision on allowing MRMC to depose the scheduler at OU Medical is now moot, and the deposition with the scheduler can go forward as to the facts related to mitigation and back pay damages.

MRMC also moves the Court to reconsider its decision and allow the deposition of Withers' supervisor at OU Medical, Darla Brown. MRMC in its Response Brief to the EEOC's Motion to Quash and for Protective Order [docket no 20] sought the Court's permission to depose the scheduling person at OU Medical, Lea Ann Brown. MRMC Resp. at 10 & 15 [docket no. 23]. MRMC has never requested the Court to permit it to depose Withers' supervisor at OU Medical; so, at this time, the Court finds there are no grounds that would warrant the Court to reconsider a decision it never made.

However, since the discovery deadline in this case was July 1, 2014, and this case is on the Court's August trial docket, the Court will rule on the relevancy of the deposition of Withers' supervisor at OU Medical. MRMC seeks to depose Withers' supervisor at OU Medical as to Withers' schedule and to ask questions regarding the absenteeism of Janice Withers. Mtn. to Reconsider at 6. The EEOC contends that the deposition of Withers' supervisor at OU Medical is irrelevant, as EEOC has already stipulated that Withers' back pay damages end as of Withers' last day of employment with OU Medical. After carefully reviewing both parties' submissions, the Court finds that the deposition of Withers' supervisor at OU Medical would be irrelevant. The issue regarding Withers' post-MRMC employers is whether damages were mitigated. MRMC will now be able to depose the scheduler at OU Medical as to this issue. Therefore, deposing Withers' supervisor regarding Withers' schedule at OU Medical would be duplicative and the deposition of Withers' supervisor regarding Withers' absenteeism at OU Medical would not be relevant in this case. Accordingly, the Court denies MRMC's request to depose Withers' supervisor at OU Medical.

MRMC also requests the Court to reconsider its decision to allow MRMC only limited access to Withers' OU Medical personnel file[2], as a result of the newly discovered evidence that Withers' employment ended at OU Medical on September 17, 2013. The Court finds the fact that Withers' employment ended at OU Medical on September 17, 2013, does not change the fact that Withers' OU Medical employment information is only relevant as to mitigation of damages. Since the EEOC has already stipulated that back pay damages end as of the last day of Withers' employment at OU Medical, the Court finds no grounds to reconsider its decision to only allow MRMC limited access to Withers' OU Medical personnel file.

B.     Limited Discovery of Withers' Pre-MRMC Employer Personnel Files.

MRMC moves this Court to reconsider its decision and allow access to Withers' pre-MRMC employer personnel files. MRMC contends that in light of the fact that Withers did not work full-time at OU Medical and that she was terminated for absenteeism, the Court should allow MRMC limited discovery of Withers' six (6) pre-MRMC employers'[3] personnel records. The EEOC contends the fact that Withers' employment at OU Medical ended on September 17, 2013, has no bearing on Withers' pre-MRMC employment. The Court finds no grounds that would warrant a reconsideration of its decision to quash the subpoenas of Withers' six pre-MRMC employers' personnel files. Withers was diagnosed with skin cancer while employed at MRMC. The issue in this case is whether MRMC discriminated against Withers based on her

---

[2] The Court, in its Order, limited MRMC's subpoenas of Withers' post-MRMC employers to:
> [T]he discovery of documents indicating dates of employment, wages, and benefits received, and the reason for separation of employment.

Court's April 30, 2014 Order [docket no. 35] at 5.

[3] Withers' six prior employers that MRMC refers to include (1) Community Health (89th St., OKC), (2) Community Health (N. Santa Fe, OKC), (3) HIS Acquisition No. 127, Inc., (4) Bellvue Northwest Nursing, (5) Windsor Hills Nursing Center, and (6) Moore Nursing Home.

disability. The Court finds that the employment records of Withers' six pre-MRMC employers are still not relevant.

II. Attorney's Fees

MRMC requests the Court award attorney fees against the EEOC for being required to move this Court to reconsider its Order based upon incorrect information provided by the EEOC and Withers. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A):

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). The Court finds that attorney fees against the EEOC are not warranted, since the Court is not granting MRMC's motion.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant's Motion to Reconsider Order [docket no. 47] as follows:

1. The Court finds that MRMC's request to have the Court reconsider its decision and allow the deposition of the OU Medical Scheduler is now MOOT;

2. The Court DENIES MRMC's request to reconsider its decision and to allow it to have full access to Withers' OU Medical personnel file and limited access to Withers' six (6) pre-MRMC employers; and

3. The Court DENIES MRMC's request to depose Withers' OU Medical Supervisor.

**IT IS SO ORDERED this 9th day of July, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

5