**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-789-M |
| MIDWEST REGIONAL MEDICAL CENTER, LLC., | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

This case is scheduled for trial on the Court's August 2014 trial docket.

Before the Court is Defendant Midwest Regional Medical Center, LLC's ("MRMC") Motion for Summary Judgment and Memorandum Brief in Support, filed May 27, 2014. On June 19, 2014, plaintiff Equal Employment Opportunity Commission ("EEOC") filed its response, and on June 26, 2014, MRMC filed its reply. Also before the Court is Plaintiff's Motion for Partial Summary Judgment and Brief in Support, filed June 2, 2014. On June 23, 2014, MRMC responded, and on June 30, 2014, the EEOC replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

On July 13, 2013, the EEOC filed this instant action, on behalf of Janice Withers ("Withers"). Withers was employed by MRMC from October 3, 2011 until March 9, 2012. On November 17, 2011, Withers was diagnosed with basal cell carcinoma ("skin cancer") by Dr. Craig Abbott ("Dr. Abbott"). Withers informed her supervisor, RN Susan Milan ("Milan"), of her diagnosis and that she would undergo radiation treatment. On December 9, 2011, Withers started radiation treatment for her skin cancer. On December 12, 2011, Dr. Abbott, by written

correspondence, informed MRMC that he was treating Withers' skin cancer with radiation treatment and requested that Withers be allowed to complete her therapy. Withers underwent fourteen sessions of radiation treatment and concluded her treatments on January 5, 2014. At the conclusion of the treatments, Dr. Abbott noted in Withers' medical record that "the patient tolerated the procedure well and there was no evidence of recurrent or residual disease at the end of the therapy." EEOC's Mot. for Summ. J. Ex. 1 Medical Records of Dr. Craig Abbott. Withers was also told to return for a follow-up visit in eight weeks. Withers never returned for the follow-up visit.

Withers was periodically absent from work while employed at MRMC. Milan testified that Withers' reason for continued absences was related to illness complaints. Beginning February 9, 2012, Withers called in sick and did not report to work as scheduled on February 10, 12, 13, 14, and 28, nor on March 2, 3, and 4, 2012. On March 5, 2012, Milan placed Withers on a leave of absence. The letter memorializing the leave of absence stated:

> You must bring a work release without restrictions in order to return to work. You have been placed on an LOA pending your release to return to work. I expect that you will return to work no later than March 12, 2012. If you are unable to provide a release to return to work by that time please contact me.

EEOC's Mot. for Summ. J. Ex. 8 Letter from Milan placing Withers on a leave of absence. On March 9, 2012, Withers was terminated from MRMC for no call/no show on March 6, 7, and 8, 2012.

The EEOC alleges that Withers was discriminated against by her employer MRMC when it terminated Withers in violation of Title I of the American with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12112. MRMC now moves for summary judgment as to the EEOC's employment discrimination claim based on Withers' disability. MRMC also asserts that

the EEOC should be judicially estopped from seeking monetary damages on behalf of Withers because of her bankruptcy filing.[1] The EEOC moves for partial summary judgment on the following issues: (1) whether Withers is a person with a disability as defined by the ADA; (2) whether MRMC terminated Withers because of her disability; (3) whether Withers reasonably mitigated her damages; and (4) whether the EEOC fulfilled its conciliation obligation[2].

## II. Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

---

[1] MRMC did not address this contention in its summary judgment motion, but in its Motion to Strike Certain Damages [docket no. 56]. Therefore, the Court will not address MRMC's contention that the EEOC is judicially estopped from recovering monetary damages on behalf of Withers in this Order. The Court will be issuing an Order on MRMC's motion to the strike the same day as this Order.

[2] MRMC has withdrawn its failure to conciliate defense, and, therefore, the Court will not address this issue.

of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

    A.  ADA Discrimination Claim

If a plaintiff offers no direct evidence of disability discrimination, as is the case in the instant matter, the Court applies the burden-shifting analysis articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Equal Emp't Opportunity Comm'n v. C.R. England, Inc.*, 644 F.3d 1028, 1038 (10th Cir. 2011). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first make out a prima facie case of discrimination. *See id.* "After the plaintiff has made the requisite showing, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions." *Id.* "If the defendant proffers such a reason, the burden then shifts back to the plaintiff to show that the defendant's stated reasons are merely 'pretextual.'" *Id.*

To establish a prima facie case of disability discrimination, a plaintiff must demonstrate that she "(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired[3]; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Id.* at 1037-38 (internal quotations and citations omitted). In the case at bar, MRMC asserts that

---

[3] The Court finds for purposes of ruing on the motions for summary judgment that Withers was qualified, with or without reasonable accommodation, to perform the essential functions of her job. MRMC, in its motion for summary judgment, did not address this element, and in its Response contends it is at least a fact issue as to whether Withers was qualified under the ADA due to her alleged absenteeism; however, it presents no evidence other than the testimony from Milan that Withers was disciplined for absenteeism. Accordingly, the Court finds for purposes of the instant order that Withers was qualified for her position at MRMC.

Withers did not have a disability as defined by the ADA at the time of her termination and, therefore, it did not violate the ADA when it terminated Withers.

1. Disability as defined by ADA

The EEOC and MRMC both move for summary judgment as to the issue of whether Withers had a disability as defined by the ADA when she was discharged. MRMC asserts that the EEOC and Withers cannot establish she had a disability as defined by the ADA at the time of her termination. Disability is defined in the ADA as:

> (A) a physical or mental impairment that substantially limits one or more major life activities[4] of such individual ("prong one");
> (B) a record of such an impairment ("prong two"); or
> (C) being regarded as having such an impairment ("prong three").

42 U.S.C. § 12102(1)(A)(B)(C). MRMC contends that as to the three prongs of disability, at the time of her discharge, Withers did not have a physical or mental impairment that substantially limited one or more major life activities; Withers never claimed there was a record of such impairment and that no record of such impairment exists; and Withers was not regarded as having such impairment, and if there was such impairment, it was minor and transitory.[5] The

---

[4] Major life activities includes in part:
> the operation of major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

42 U.S.C. § 12102(2)(B).

[5] MRMC contends the EEOC never raised or claimed the fact that Withers had a record of impairment or that she was regarded as having such impairment and, as a result, the Court should strike any claims by the EEOC as to the second and third prongs of the definition of disability as defined by the ADA. The Court disagrees with MRMC and finds that in its Complaint, the EEOC alleges Withers "is a qualified individual with a disability as defined in the [ADA]." Compl. at 3 ¶ 8(a). As a result, the Court will not strike claims of disability as to the second and third prongs of the definition of disability as defined in ADA, and will address the claims on the merits.

EEOC contends that Withers was disabled, there was a record of her disability, and she was regarded as disabled under the ADA when she was discharged by MRMC.

"The definition of disability [as defined in the ADA] shall be construed in favor of broad coverage of individuals." 42 U.S.C. § 12102(4)(A). As to the first prong of disability as defined in the ADA,

> An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

*Id*. at (4)(C)(D). The Tenth Circuit has stated:

> To establish an ADA disability under [prong one], our precedent indicates that a plaintiff must "articulate with precision" both her impairment and the major life activity it substantially limited.

*Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1218 (10th Cir. 2010) (internal citations omitted). The ADA considers cancer a predictable assessment and finds that:

> the individualized assessment of some types of impairments will, in virtually all cases, result in a determination of coverage under paragraphs (g)(1)(i) (the "actual disability" prong) or (g)(1)(ii) (the "record of" prong) . . . . Given [the] inherent nature, [cancer], as a factual matter, virtually always [will] be found to impose a substantial limitation on a major life activity.

29 C.F.R § 1630.2(j)(3)(ii)(iii).

The EEOC contends that Withers had an actual disability as defined by prong one of the ADA when she was discharged by MRMC on March 9, 2012. Withers was diagnosed with skin cancer in mid-November 2011 and "underwent fourteen radiation sessions which concluded on January 5, 2012." EEOC's Mot. for Summ. J. at 15. The EEOC further alleges that Withers was in remission at the end of her treatments and was to follow up with her doctor in eight weeks. MRMC contends that Withers' cancer was gone as of January 5, 2012, and, therefore, she was

6

not disabled when she was discharged on March 9, 2012. The Court has carefully reviewed the parties' briefs and evidentiary submissions and finds that MRMC has created a genuine issue of a material fact as to whether Withers was disabled as defined by prong one of the ADA when she was discharged. Specifically, the Court finds that Withers never followed up with her doctor to check on the status of her skin cancer and the doctor notes from Withers' last treatment indicated that:

> The patient was treated through a single anterior custom design portal covering the carcinoma with appropriate margins. The patient tolerated the procedure well and there was no evidence of recurrent or residual disease at the end therapy.

MRMC's Resp. Ex. 5 Medical Records of Dr. Craig Abbott, at 2. Lastly, Withers, in her deposition, stated that despite having a scar, the skin cancer was gone after her fourteen radiation treatments. MRMC's Resp. Ex. 1 Deposition of Janice Withers, at 115 lines 10-20. Accordingly, the Court finds there a genuine issue of a material fact precluding a finding as a matter of law that Withers is disabled as defined under prong one under the ADA.

Under the second prong of disability as defined by the ADA,

> An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

29 C.F.R. § 1630.2(k)(1). The EEOC contends that it is uncontroverted that Withers has a record of disability and identifies the correspondence between Withers' physician and MRMC "which disclose[d] her diagnosis and treatment plan to MRMC" as the record. EEOC's Summ. J. at 17. In its Response, MRMC does not dispute the EEOC's material fact 2 that:

> By written correspondence in mid-December 2011, Dr. Craig L. Abbott, Withers' treating physician, disclosed to MRMC that he was treating Withers for a carcinoma on her temple with radiation.

7

EEOC's Summ. J. at 2 ¶2. The Court has carefully reviewed the parties' briefs and evidentiary submissions and finds that as a matter of law, Withers had a record of having skin cancer, and as a result, is considered disabled under prong two of disability as defined by the ADA. Specifically the Court finds that the interpretative guidance on Title I of the American with Disabilities Act makes clear that

> The intent of the [record of] provision, in part, is to ensure that people are not discriminated against because of a history of disability. For example, the record of provision would protect an individual who was treated for cancer ten years ago but who is now deemed by a doctor to be free of cancer, from discrimination based on that prior medical history.
>
> \*    \*    \*    \*
>
> There are many types of records that could potentially contain this information, including but not limited to, education, medical, or employment records.
>
> \*    \*    \*    \*
>
> Such evidence that an individual has a past history of an impairment that substantially limited a major life activity is all that is necessary to establish coverage under the second prong. An individual may have a record of a substantially limiting impairment – and thus be protected under the record of prong of the statute – even if a covered entity does not specifically know about the relevant record.

29 C.F.R. § 1630(k) (*see* Appendix to Part 1630 Interpretive Guidance on Title I of the American with Disabilities Act). Accordingly, the Court finds that the EEOC is entitled to summary judgment as to its claim that Withers is a person with a disability as defined by the ADA.[6]

---

[6] Since the Court has found that Withers is an individual with a disability within prong two, the Court will not address whether Withers is an individual with a disability under the third prong of disability as defined by the ADA. (*See* Appendix to Part 1630 Interpretive Guidance on Title I of the American with Disabilities Act) ("Section 1630.2(g)(2) provides that an individual may establish coverage under any one or more (or all three) of the prongs in the definition of disability. However, to be an individual with a disability, an individual is only required to satisfy one prong."). 29 C.F.R. § 1630(g)(2).

### 2. Discrimination based on a disability

The EEOC and MRMC both move for summary judgment as to whether Withers was terminated because of her disability.

> [T]o establish the third element of a prima facie case of disability discrimination, the plaintiff must show that she was terminated because of her disability, or that the employer terminated the plaintiff under circumstances which give rise to an inference that the termination was based on her disability. This showing requires the plaintiff to present some affirmative evidence that disability was a determining factor in the employer's decision. In other words, [t]he plaintiff must present evidence that, if the trier of fact finds it credible, and the employer remains silent, she would be entitled to judgment as a matter of law. This formulation [of the third prong] should not be interpreted as diminishing the plaintiff's burden in proving her *prima facie* case. While the burden is not onerous, it is also not empty or perfunctory.

*Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 748-49 (10th Cir. 1999) (internal quotations and citations omitted). Further, the temporal proximity of the request for an accommodation or the disclosure of a disability to a plaintiff's termination may contribute to a permissible inference of discriminatory intent. *See id.* at 749. In this case, whether it was actually approved or not by MRMC,[7] Withers was placed on a leave of absence by her supervisor, Milan, on March 5, 2012, and was instructed to bring a work release without restrictions and to return to work no later than March 12, 2012. EEOC's Mot. for Summ. J. Ex. 8 Letter from Milan placing Withers on a leave of absence. Further, on March 9, 2012, during her leave of absence, Withers was informed by Milan that she was terminated for no call/no show for the days of March 6, 7, and 8, 2012.

---

[7] MRMC adamantly disagrees that the leave of absence was approved. However, in her deposition, Milan testifies that putting Withers on a leave of absence was human resources' idea, that it was something that she could not unilaterally do, and she understood that the leave of absence was approved. EEOC's Mot. for Summ. J. Ex. 5 Deposition of Susan Milan, at 78, line 7-20.

9

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to the EEOC and viewing all reasonable inferences in the EEOC's favor, the Court finds that the EEOC has presented sufficient evidence to create a genuine issue of material fact as to whether Withers was discriminated against based on her disability when she was discharged by MRMC. Specifically, the Court finds that the temporal proximity to when Withers was placed on a leave of absence (March 5, 2012) and when she was discharged (March 9, 2012) could lead to an inference of discriminatory intent.

Accordingly, the Court has found that the EEOC has presented sufficient evidence to establish a prima facie case of disability discrimination. Thus, the Court must now determine whether MRMC has proffered a legitimate, non-discriminatory reason for its decision to discharge Withers. Having reviewed the parties' submissions, the Court finds that MRMC has proffered a legitimate, nondiscriminatory reason – excessive absenteeism.[8]

Because MRMC has articulated a legitimate, nondiscriminatory reason for its decision, the EEOC's "burden is only to demonstrate a genuine dispute of material fact as to whether the proffered reasons were unworthy of belief." *Butler,* 172 F.3d at 750 (internal quotations and citations omitted). The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to the EEOC and viewing all reasonable inferences in the EEOC's favor, the Court finds the EEOC has presented sufficient evidence to create a genuine issue of material fact as to whether MRMC's proffered reason is

---

[8] MRMC's attendance policy addresses repeated absenteeism, stating:
> It must be recognized that there may be instances in which an associate's absence due to illness or injury even though excused and not the fault of the associate, becomes excessive or repetitive as to render continued employment inappropriate.

EEOC's Resp. Ex. 15 MRMC's Attendance Policy at 2.

10

unworthy of belief. The EEOC asserts that this case is comparable to the facts in *Reed v. Tetra Tech Inc.*, 2014 WL 931426 (W.D. Okla. 2014)[9] where this Court found

> the following circumstantial evidence to be probative of discrimination: (1) inconsistencies as to the reason for discharge; (2) a lack of documentation supporting the alleged legitimate reason for terminating the employee; and (3) contradictory evidence as to who the actual decision maker was.

EEOC's Resp. at 23 (*citing Reed* at *5).

The Court finds that there are inconsistencies as to MRMC's position as to Withers being put on the leave of absence. MRMC asserts that (1) Withers did not request the leave of absence, nor did MRMC approve the leave of absence, and (2) even though Withers was on the leave of absence, Milan expected Withers to call in every day she would not be reporting to work. The Court finds that while it may be true that Withers did not request the leave of absence, and Milan, believing the leave of absence was approved, put Withers on a leave of absence, the fact that Withers was required to call in every day she would not be reporting to work while on a, what she understood was approved, leave of absence is inconsistent with MRMC's policy for taking a leave of absence.[10] Further, the Court finds that MRMC asserts that Withers was

---

[9] In *Reed,* the plaintiff was diagnosed with lupus on April 4 or 5, 2012. On May 23, 2012 plaintiff submitted a leave of absence request form, requesting intermitting leave for treatment of her health condition, and on May 25, 2012, she was informed she would be losing her job due to a reduction in force. The plaintiff claimed she was discriminated against because of her disability.

[10] The procedure for employees of MRMC to request to be off of work include:
> Associates are expected to provide the appropriate notification for reporting off, including the reason for each absence, unless the associate is on an approved leave of absence.

EEOC's Resp. Ex. 15 MRMC's Attendance Policy at 1.

discharged for absenteeism but presents no evidence, other than the testimony of Milan[11], that prior to Withers being on the leave of absence, absenteeism was an issue. Lastly, the Court finds there are inconsistencies as to who actually made the determination to put Withers on a leave of absence. MRMC contends in its motion for summary judgment that Withers was placed on leave of absence by Milan. MRMC Mot. for Summ. J. at 6 ¶ 28. The EEOC disputes this fact and contends that Milan testified that she did not make the decision to place Withers on a leave of absence. EEOC's Resp. at 10 ¶ 28. Further, the EEOC contends that

> Milan testified that JoDee Tinga, Assistant HR Director, made the decision to place Withers on a [leave of absence] and instructed Milan to notify Withers of her placement on the [leave of absence].
> \*　　　　\*　　　　\*　　　　\*　　　　\*
> Former Assistant HR Director JoDee Tinga, . . . testified that she cannot recall instructing Milan to place Withers on a [leave of absence]. Tinga nevertheless testified that she would never instruct a manager to notify an employee they were placed on a [leave of absence] that has not been approved. Former HR Director Angela Giese, who must approve [leave of absences], testified that she had no involvement in placing Withers on the [leave of absence], and is unaware of anyone else in HR who was involved in placing Withers on the [leave of absence].

*Id*. MRMC only admits that even though Milan issued the leave of absence to Withers, she was not the "sole" decision maker. MRMC's Resp. at 3 ¶ 43. MRMC fails identify who actually made the decision to put Withers on a leave of absence. Accordingly, the Court finds that MRMC is not entitled to summary judgment as to the EEOC's disability claim on behalf of Withers.

---

[11] Milan, in her deposition, testified that she gave Withers both a verbal and written warning as to her absences while Withers was employed with MRMC. Milan states that both warnings were documented and kept in her manager's file, which was given to HR upon Withers' termination. MRMC's Mot. for Summ. J. Ex. 2 Deposition of Susan Milan, at 36, line 25 to 43, line 9. MRMC now contends that Milan's manger's file with the documented warnings cannot be located. MRMC's Reply at 2.

B.  Mitigation of Damages

The EEOC asserts it is entitled to summary judgment on MRMC's affirmative defense of failure to mitigate. "One claiming damages for losses such as back pay has the duty to take such reasonable steps under the circumstances as will minimize those damages." *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1158 (10th Cir. 1990) (internal citation and quotations omitted). "A claimant need only make a reasonable and good faith effort, and is not held to the highest standards of diligence." *Id.* (internal citation omitted). The burden is on the employer to establish that the claimant did not exercise reasonable diligence. *Id.* (internal citation omitted). "In order to satisfy the burden, . . . , the defendant must establish (1) that the damage suffered by plaintiff could have been avoided, i.e. that there were suitable positions available which plaintiff could have discovered and for which [s]he was qualified; and (2) that plaintiff failed to use reasonable care and diligence in seeking such a position." *EEOC v. Sandia Corp.*, 639 F.2d 600, 627 (10th Cir. 1980) (internal citations and quotations omitted).

In this case, the EEOC is seeking back pay for Withers for two periods: (1) for March 9, 2012, up until May 7, 2012, when Withers was receiving unemployment benefits, while searching for employment; and (2) from February 11, 2013 to September 17, 2013, while Withers was working for OU Medical, where she earned less ($11.85/hour) than what she was making at MRMC ($12.57/hour). MRMC only contends that Withers did not mitigate her damages while she was working at OU Medical. MRMC asserts that per the scheduling records provided by OU Medical, Withers did not work full-time while she was at OU Medical and provided no reasons for not working full-time.

Having reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in light most favorable to MRMC, the Court finds that MRMC presents sufficient

evidence to establish a question of fact as to whether Withers reasonably mitigated her damages while working at OU Medical. Specifically, the Court finds that, initially in her deposition on December 13, 2013, Withers testified that she was still employed with OU Medical. However, once Withers' OU Medical employment records were produced, it was revealed that Withers had been terminated from OU Medical on September 13, 2013. Further, while Withers did find a suitable position at OU Medical, her employment records revealed that Withers did not work full-time at OU Medical, as she did at MRMC. As a result, there is a genuine issue of material fact as to whether Withers reasonably mitigated her damages for back pay while working at OU Medical. Based on the evidence from Withers' OU Medical employment records, the Court finds that the EEOC is not entitled to summary judgment on the issue of mitigation of damages.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant Midwest Regional Medical Center, LLC's ("MRMC") Motion for Summary Judgment and Memorandum Brief in Support [docket no. 48] and GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Partial Summary Judgment and Brief in Support [docket no. 53] as follows:

1. The Court GRANTS the EEOC's partial motion for summary judgment as to the issue of disability and finds that Withers is an individual with a disability as defined in the ADA; and

2. The Court DENIES the EEOC's partial motion for summary judgment as to whether MRMC terminated Withers because of her disability in violation of the ADA and as to whether Withers mitigated damages.

**IT IS SO ORDERED this 7th day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE