# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-789-M |
| MIDWEST REGIONAL MEDICAL CENTER, LLC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Midwest Regional Medical Center, LLC's ("MRMC") Motion to Strike Certain Damages, filed June 6, 2014. On June 23, 2014, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), responded; on June 30, 2014, MRMC replied, and on July 14, 2014, the EEOC filed a surreply. Based on the parties' submissions, the Court makes its determination.

I.  Background

On July 13, 2013, the EEOC filed this instant action on behalf of Janice Withers ("Withers"), alleging that Withers was discriminated against by her employer MRMC when it terminated Withers in violation of Title I of the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12112. Withers was employed by MRMC from October 3, 2011 until March 9, 2012. In mid-November 2011, Withers was diagnosed with skin cancer. After calling in sick on March 2 through March 4, 2012, Withers' supervisor, RN Susan Milan ("Milan"), allegedly, placed Withers on a medical leave of absence from March 5 through March

12[1]. On March 12, 2012, Withers contacted Milan, and Milan informed Withers that she had been discharged as of March 9, 2012, for "no call/no show" on March 6-8, 2012. On February 10, 2014, in the mist of this instant litigation, Withers filed for a voluntary bankruptcy (Chapter 7)[2].

MRMC now moves the Court, pursuant to Federal Rule of Civil Procedure 12(f), to strike the prayer for relief C, D, E, and F of the EEOC's Complaint[3], pursuant to the doctrine of

---

[1] The medical leave of absence was memorialized in a letter which provided that:
> Withers was expected to obtain an unrestricted release to work, and return to work no later than March 12. The letter instructed Withers to contact Milan by March 12 if she was unable to obtain an unrestricted release to work.

Compl. at 4 ¶ 8(f).

[2] *See* Defendant's Motion to Strike Exhibit 1(Bankruptcy Petition, Case No. 14-10427, United States Bankruptcy Court, Western District of Oklahoma).

[3] In the Prayer for Relief section of its Complaint, the EEOC requests in part the Court:
> C. Order Defendant to make Janice Withers whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.
>
> D. Order Defendant to make Janice Withers whole by providing compensation for past, present, and future pecuniary and non-pecuniary injuries resulting from the unlawful practices complained of at paragraph 8(a) through (i), above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.
>
> E. Order Defendant to reinstate Janice Withers, or compensate her with an appropriate amount as front pay, along with applicable interest.
>
> F. Order Defendant to pay Janice Withers punitive damages for its malicious and reckless conduct as describe above, in an amount to be determined at trial.

Compl. at 5 ¶¶ C-F.

judicial estoppel. In its Reply, MRMC also asserts that Janice Withers can no longer recover any monetary damages from this suit since MRMC and the bankruptcy trustee have reached a settlement as to Withers' discrimination claims against MRMC.[4] The EEOC contends that judicial estoppel is inappropriate in this case, that the motion should be denied for procedural improprieties, and that any settlement between the bankruptcy trustee and MRMC is irrelevant to EEOC's ability to continue to seek monetary damages except to off-set any jury award by the settlement amount.

## II. Discussion

### A. Procedural defects of MRMC's Motion to Strike

The EEOC contends that MRMC's motion to strike should be denied because it is in essence a dispositive motion and should have been contained within a Federal Rule of Civil Procedure 56 motion for summary judgment and not a Rule 12(f) motion to strike. Further, the

---

[4] On July 2, 2014, the bankruptcy trustee and MRMC filed a Joint Motion to Approve Compromise of Controversy and Settlement of Litigation, with Brief in Support, and Notice of Opportunity for Hearing. In the motion, the bankruptcy trustee and MRMC acknowledge that a settlement had been reached, subject to court approval, and MRMC would pay Withers' bankruptcy estate $15,000. EEOC's Surreply Ex. 1 at 3 ¶ 9. Further, the motion provides that:
> All claims and causes of action of Janice Withers against Midwest Regional, including without limitation, discrimination claims, claims for front pay, back pay, compensatory damages, noneconomic damages and punitive damages, claims for money damages which have been or could hereafter be made in a lawsuit styled, *Equal Employment Opportunity Commission v. Midwest Regional Medical Center*, . . . or otherwise by, on behalf of or for the benefit of Janice Withers, and any other claims which arise from or related in any way whatsoever to Ms. Withers' employment at Midwest Regional or the termination of employment of Ms. Withers employment at Midwest Regional whether such claims exist by virtue of state or federal law (Statue, regulation or judicial decisional), in tort or in contract, are fully, finally and forever released and discharged.

*Id.* at 3-4 ¶ 9.

3

EEOC contends that the Rule 12(f) motion to strike is improper because it is filed out of time and without leave of Court, pursuant to Rule 12(f)(2).[5] In its Reply, MRMC asserts its Rule 12(f) motion to strike is procedurally appropriate and further that its motion for partial summary judgment on damages was filed timely. Having considered the parties' contentions, the Court finds that while it agrees with the EEOC's contentions that the Rule 12(f) motion to strike is improper and that MRMC should have contended that these damages be struck in a Rule 56 motion for summary judgment[6], the Court declines to deny this motion based on procedural improprieties and instead, will rule on the motion based on the merits.

    B.    Judicial Estoppel

MRMC asserts that "the EEOC should be judicially estopped from pursing damage claims on behalf of Janice Withers due to her bankruptcy filing." Mot. to Strike at 2. The doctrine of judicial estoppel's "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (internal

---

[5] Federal Rule of Civil Procedure 12(f)(2) provides,
> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act …; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f)(2).

[6] The Court acknowledges that in MRMC's Motion for Summary Judgment and Memorandum Brief in Support [docket no. 48], MRMC in the opening paragraph states,
> any claim for monetary damages payable to Janice Withers is barred by the doctrine of judicial estoppel because of the bankruptcy filing of Janice Withers.

MRMC's Mot. for Summary Judgment at 1. However, MRMC failed to address this contention within its Brief in Support. The Motion to Strike was filed on June 2, 2014, and all dispositive motions for this case were due June 1, 2014, per the Amended Scheduling Order [docket no. 33].

citation and quotations omitted).⁷ Three factors typically inform the decision whether to apply the doctrine in a particular case. *See Id*. (internal quotations omitted).

> First a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Id.* (internal citations and quotations omitted).

Regarding the first prong of *Eastman,* MRMC asserts that "Withers has taken inconsistent positions in separate legal proceedings – the bankruptcy court and this Court." MRMC's Reply at 22. The EEOC distinguishes *Eastman* from the facts of this litigation asserting that "*Eastman* involved debtors who were themselves the parties to undisclosed litigation." EEOC's Resp. at 13. Having reviewed the parties' submissions, the Court finds that Withers has not made an inconsistent statement in this Court regarding the instant litigation, because Withers is not a party in this litigation.

As to the second prong of *Eastman,* MRMC asserts that "Ms. Withers belated amendment of [her bankruptcy claim] does not remedy Ms. Withers misleading the bankruptcy court and trustee." MRMC Reply at 3. In its Reply MRMC further states:

> In this instant case, Ms. Withers was granted a discharge by the court on May 13, 2014. The bankruptcy trustee later became aware of the instant case, after Defendant made the trustee aware of the instant litigation. Only then, just as in *Eastman*, after getting caught, Ms. Withers amended her pleadings, on May 28, 2014, to include her interest in the pending litigation.

MRMC's Reply at 4. The EEOC contends in its Surreply that

---

⁷ In *Eastman,* the plaintiff was estopped from pursing personal injury claims after failing to disclose the personal injury action during his bankruptcy proceedings.

5

> Withers voluntarily disclosed her interest in EEOC's lawsuit to the
> bankruptcy court on April 16, prior to MRMC's effort to contact
> and settle with the Trustee.

EEOC's Surreply at 5. Further, the EEOC asserts that MRMC acknowledged Withers' voluntary disclosure and amendment to her Bankruptcy Petition in the Joint Motion to Approve Compromise of Controversy and Settlement of Litigation, with Brief in Support and Notice of Opportunity for Hearing, filed with the bankruptcy court on July, 2, 2014. *Id. See also* EEOC's Surreply Ex. 1 at 2 ¶ 5 ("On April 14, 2014, the Debtors filed an Amended Statement of Financial Affairs to disclose the Discrimination Lawsuit.").

Having reviewed the parties' submissions, the Court finds that while Withers' Bankruptcy Petition, filed February 10, 2014, initially omitted her contingent property interest in this action, there is no evidence that Withers intentionally, or otherwise, misled the bankruptcy court about her contingent property interest in this case. Unlike *Eastman*, where the defendant unequivocally responded no when asked by the trustee if he had a personal injury suit pending (*see Eastman*, 493 F.3d at 1158), in the instant action, Withers initially disclosed her interest in this litigation on the intake form with her bankruptcy attorney (*see* EEOC's Resp. Ex. 1 at 3), and voluntarily made efforts to amend her Bankruptcy Petition prior to the petition initially being discharged on May 13, 2014[8].

As to the third *Eastman* factor, the EEOC contends that no unfair advantage would be gained by Withers because some or all of the damages obtained by the EEOC in this instant lawsuit would go directly to Withers' creditors. MRMC does not address the EEOC's contention other than to say it is unreasonable and unsupported by authority. Having reviewed the parties'

---

[8] No information was given by either parties as to why Withers' Bankruptcy Petition was initially discharged on May 14, 2014, and then reopened on May 28, 2014.

6

submissions, the Court finds that no unfair advantage would be gained by Withers in this litigation because her Bankruptcy Petition has yet to be discharged and, therefore, her creditors would be satisfied from any damages received in this current litigation prior to Withers being compensated. Accordingly, the Court finds the EEOC is not judicially estopped from pursing damage claims on behalf of Janice Withers.

    C.    Settlement between bankruptcy trustee and MRMC

MRMC contends in its Reply that the EEOC's claim of monetary damages is now moot due to a settlement between the bankruptcy trustee and MRMC. The EEOC contends that it can still pursue monetary damages against MRMC despite the settlement between the bankruptcy trustee and MRMC. The United States Supreme Court in *EEOC v. Waffle House*, 534 U.S. 279 (2002), held that an arbitration agreement did not bar the EEOC from pursuing victim-specific judicial relief on behalf of an employee. *Id*. at 296. Further, following the rational in *Waffle House*, the court in *EEOC v. LA Weight Loss*, 509 F. Supp. 2d 527 (N.D. Md. 2007) permitted the EEOC to seek monetary relief for its retaliation claim and offset any such award by the monetary relief paid to the employee under the settlement agreement. *Id*. at 536. Having reviewed the parties' submissions, the Court finds that the EEOC's claim for monetary damages is not moot and any monetary damages awarded to the EEOC in this litigation will be offset by any agreed settlement between the bankruptcy trustee and MRMC.

III.    Conclusion

Accordingly, for the reasons stated above, the Court DENIES Defendant Midwest Regional Medical Center, LLC's Motion to Strike Certain Damages [docket no. 52]

**IT IS SO ORDERED this 7th day of August, 2014.**

7

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE