# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-789-M |
| MIDWEST REGIONAL MEDICAL CENTER, LLC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Reconsider Order Based on Newly Discovered Evidence, filed August 8, 2014. On August 15, 2014, plaintiff Equal Employment Opportunity Commission ("EEOC") filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Background

On August 7, 2014, this Court entered an Order [docket no. 123] granting summary judgment to the EEOC on its claim that Janice Withers ("Withers")[1] was a person with a disability as defined by the Americans with Disabilities Act ("ADA")[2]. Specifically, the Court found that Withers was a person with a disability under prong two of the definition of disability in the ADA. This finding was based on the fact that Withers had a record of a physical impairment (skin cancer) that substantially limited one or more of her major life activities

---

[1] Janice Withers is the charging party on whose behalf the EEOC is bringing this suit.
[2] Disability is defined in the ADA as:
    (A) a physical or mental impairment that substantially limits one or
    more major life activities of such individual ("prong one");
    (B) a record of such an impairment ("prong two"); or
    (C) being regarded as having such an impairment ("prong three").
42 U.S.C. § 12102(1)(A)(B)(C).

(normal cell growth). Defendant Midwest Regional Medical Center, LLC. ("MRMC"), pursuant to Federal Rules of Civil Procedure 54(b), (59)(e), and 60(b), now moves this Court to reconsider/amend/alter its Order entered August 7, 2014. MRMC specifically asserts that the grounds for reconsideration are "newly discovered evidence not previously available that reveals new information regarding Withers' alleged disability and any substantial limitation on a major life activity." MRMC's Mot. to Recons. at 1. MRMC requests this Court "deny the *Plaintiff's Motion for Partial Summary Judgment* as to the disability of Janice Withers under the second prong of disability ("record of") as defined by the Americans with Disabilities Act ("ADA")." *Id.*

II.     Discussion

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

MRMC contends that newly acquired evidence from Dr. Craig Abbott[3], Withers' skin cancer physician, shows that "a genuine issue of material fact exists on the question of whether Withers had a condition that substantially limited a major life activity." MRMC's Mot. to Recons. at 3. MRMC relies on the Tenth Circuit case *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117 (10th Cir. 2003), "where the [Tenth] [Circuit] found that there was no 'record of

---

[3] On August 6, 2014, both parties conducted a video deposition of Dr. Abbott. During the deposition, Dr. Abbott identified a document Janice Withers would have received prior to receiving her skin cancer treatment. These documents were previously unavailable to either party. The document provides skin cancer patients with information regarding radiation treatment including advantages to receiving radiation treatments.

disability' for a temporary condition that did not affect work or other life activities." MRMC's Mot. to Recons. at 5. The Tenth Circuit in *Doebele* articulated the standard of review in determining when a physical or mental impairment is substantially limiting under the ADA as:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity.

*Doebele*, 342 F.3d at 1130. The *Doebele* court goes on to state:

> In making this determination we consider three factors: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; (3) the permanent or long term impact or the expected permanent or long term impact of or resulting from the impairment.

*Id*.

The EEOC contends that the ruling in *Doebele* was prior to the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA")[4] and is not relevant to the instant case. The ADAAA specifically overturned two United States Supreme Court cases *Sutton v. United Air Lines, Inc.* 527 U.S. 471 (1999) and *Toyota Motor Mfg., Ky., Inc.*, *v. Williams*, 534 U.S. 184 (2002). In *Toyota,* the Court held:

> [T]he terms substantially and major in the definition of disability need to be interpreted strictly to create a demanding standard for qualifying as disabled under the ADA, and that to be substantially limited in performing a major life activity under the ADA, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.

---

[4] The ADAAA was signed into law on September 25, 2008, and became effective January 1, 2009. The ADAAA sought to broaden the scope of the ADA, as Congress had originally intended.

29 C.F.R. § 1630 App. (internal quotations omitted) (citing *Toyota*, 534 U.S. at 197-198). In enacting the ADAAA Congress found that:

> (5) the holding of the Supreme Court in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002) further narrowed the broad scope of protection intended to be afforded by the ADA;
>
> (6) as a result . . . lower courts have incorrectly found in individual cases that people with a range of substantially limiting impairments are not people with disabilities;
>
> (7) in particular, the Supreme Court, in the case of *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), interpreted the term "substantially limits" to require a greater degree of limitation than was intended by Congress; and
>
> (8) Congress finds that the current Equal Employment Opportunity Commission ADA regulations defining the term "substantially limits" as "significantly restricted" are inconsistent with congressional intent, by expressing too high a standard.

Americans with Disabilities Act Amendments Act of 2008, Pub. L. No. 110–325, §2(a)(5)-(8), 122 Stat. 3553 (2009). As a result of Congress' actions in the ADAAA, the Court finds that *Doebele* is not relevant to the instant case. Specifically, the Court finds that the standard of review articulated in *Doebele* for determining if a physical impairment substantially limited a major life activity came from *Pack v. Kmart Corp.*, 166 F.3d 1300, 1305 (10th Cir. 1999). *Pack* quoted the standard of review directly from *Sutton* and 29 C.F.R. § 1630.2(j)(1). The ADAAA overturned *Sutton* and amended 29 C.F.R. § 1630.2(j)(1) to now state:

> An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section.

29 C.F.R. § 1630.2(j)(1)(ii). Accordingly, the Court finds that *Doebele* is not relevant to determining the question of whether Withers had a condition that substantially limited a major life activity.

MRMC also asserts the Court should reconsider its Order based on newly discovered evidence, a pamphlet from Dr. Abbott, that Withers would have received prior to receiving her treatments, stating there was "No restrictions on work or activities." MRMC's Mot. to Recons. at 5 (citing Ex. 4 Radiation (X-Ray) Therapy pamphlet from Dr. Craig Abbott). The EEOC contends this newly discovered evidence is not relevant because the major life activity of Withers that was substantially limited by her skin cancer was not working, but was normal cell growth. The Court agrees with the EEOC and finds that Congress, when it amended the ADA, "explicitly defin[ed] 'major life activities' to include the operation of 'major bodily functions.'" 29 C.F.R. 1630. App. As the Court stated in its Order,

> Major life activities includes in part:
> the operation of major bodily function, including but not limited to, functions of the immune system, **normal cell growth**, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

Court's August 7, 2014 Order [docket no. 123] (citing 42 U.S.C. § 12102(2)(B))(emphasis added). Further, "an impairment that substantially limits one major life activity need not substantially limit other major life activities in order to be considered a substantially limiting requirement." 29 C.F.R.§ 1630.2(j)(1)(viii). As a result, the fact that Withers' skin cancer did not substantially limit her from working is not determinative in this case.

Lastly, MRMC contends that 29 C.F.R. § 1630.2(j)(3)(ii)(iii) creates a question of fact by stating that "[g]iven [the] inherent nature, [cancer] as a factual matter, virtually always [will] be found to impose a substantial limitation on a major life activity." The Court disagrees with MRMC's contention and finds that

5

> [T]he ADAAA was adopted to specifically address certain impairments that were not receiving the protection that Congress intended – **cancer,** HIV-AIDS, epilepsy, multiple sclerosis, amputated and partially amputated limbs, post-traumatic stress disorder, intellectual and developmental disabilities – not minor, transitory impairments, except if of such a severe nature that one could not avoid considering them disabilities.

*Koller v. Riley Riper Holin Colagreco*, 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012) (citing 154 Cong. Rec. H8286 (2008) (statement of Rep. George Miller)) (emphasis added). The EEOC contends that in an August 8, 2014, deposition, MRMC's expert witness, Dr. Carl Bogardus, testified that "at the end of successful treatment, Withers' cancer would be in remission unless and until it reoccurred", thus, as a matter of law Withers was "actually disabled" under the ADA. EEOC's Reply at 9. The Court finds that Withers had a history of skin cancer, which substantially limited her normal cell growth, thus making her an individual with a disability as defined by the ADA. Accordingly, MRMC has not presented any grounds that would warrant the Court to reconsider its August 7, 2014 Order, in which it found that the EEOC was entitled to summary judgment as to its claim that Withers is a person with a disability as defined by the ADA.

III.  Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant's Motion to Reconsider Order Based on Newly Discovered Evidence [docket no. 130].

**IT IS SO ORDERED this 18th day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE