# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
             )
          Plaintiff, )
             )
v. )     Case No. CIV-13-789-M
             )
MIDWEST REGIONAL MEDICAL )
CENTER, LLC., )
             )
          Defendant. )

## ORDER

Before the Court is EEOC's Post-Trial Motion for Judgement as a Matter of Law & Brief in Support, filed September 23, 2014. On October 14, 2014, defendant Midwest Regional Medical Center, LLC ("MRMC") responded, and on October 21, 2014, EEOC replied. Based on the parties' submissions, the Court makes its determination.

I.      Introduction

On July 13, 2013, EEOC filed this instant action, on behalf of Janice Withers ("Withers"), alleging that MRMC violated the Americans with Disabilities Act ("ADA") when it terminated Withers from her employment. A jury trial was conducted to determine if MRMC violated the ADA when it terminated Withers. On August 22, 2014, a jury entered its verdict finding in favor of MRMC. EEOC now renews its motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), contending that the evidence at trial was legally insufficient to sustain a verdict for MRMC. Further, EEOC contends that, alternatively, a new trial is proper where the jury was permitted to hear and

consider improper and irrelevant comments and evidence that substantially prejudiced EEOC's right to a fair trial. Lastly, EEOC asserts that it was entitled to summary judgment because MRMC's Rule 30(b)(6) deposition errata sheet of Bryttani Bay ("Bay") should have been stricken from consideration.

II.    Applicable Standards

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury.  However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations omitted).  In considering a motion for judgment as a matter of law, the court should construe the evidence and inferences most favorably to the non-moving party.  *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 976 (10th Cir. 1996).

"The decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987).  In considering a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party.  *Joyce v. Davis*, 539 F.2d 1262, 1264 (10th Cir. 1976). "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).  A new trial is appropriate if the

verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986) (internal citations omitted).

III.    Discussion

    A.    Legally insufficient evidence to sustain a verdict in favor of MRMC

EEOC contends that the jury's finding that MRMC was not liable under the ADA was against the weight of the evidence presented at trial. EEOC contends that based on the evidence presented, the jury should have found that Withers was a qualified individual with a disability and that Withers' skin cancer was a determining factor in her termination from MRMC. MRMC contends that the evidence was sufficient for the jury to find it did not violate the ADA when it terminated Withers.

For MRMC to have been held liable under the ADA for discrimination, EEOC had to prove by a preponderance of the evidence that: (1) Withers had a disability, skin cancer; (2) Withers was a qualified individual; (3) Withers was discharged from her employment with MRMC; and (4) Withers' skin cancer was a determining factor that prompted MRMC to discharge Withers. *See* Jury Instruction No. 14 [docket no. 160]. The only elements for the jury to determine at trial was whether Withers was a qualified individual and whether her skin cancer was a determining factor that prompted MRMC to discharge Withers. [1]

EEOC contends the evidence at trial showed that Withers was discharged by MRMC while she was on a medical leave of absence ("LOA"). Withers' supervisor, Susan

---

[1] The Court had already determined in its August 7, 2014 Order that, as a matter of law, Withers was an individual with a disability as defined in the ADA, and the parties did not dispute that Withers was discharged from her employment.

Milan ("Milan"), placed Withers on a medical LOA on March 5, 2012, due to Withers calling in when she was unable to come to work. EEOC presented evidence that Withers would call in when she was suffering from the effects of the radiation treatment for her skin cancer. When Withers did not call in or come to work for three consecutive days on March 6, March 7, and March 8, 2012, while she was still on the medical LOA, MRMC terminated her. EEOC contends that the reasons MRMC gave for terminating Withers – excessive absences and three days straight of no call/no show were pretext and, further, contends that the evidence presented at trial overwhelmingly supported the inference that Withers was terminated because of her skin cancer. EEOC also contends that based on the jury note demonstrating that the jury believed Withers' termination constituted wrongful termination, the weight of the evidence supported a verdict in favor of EEOC.

Having carefully reviewed the parties' submissions, the Court finds that EEOC is not entitled to judgment as a matter of law on this basis. Specifically, the Court finds that while EEOC may have proved by a preponderance of the evidence that Withers was a qualified individual with a disability under the ADA, it was reasonable for the jury to determine, based on the evidence presented at trial, that Withers' skin cancer was not a determining factor that prompted MRMC to discharge her. Specifically, with respect to the decision to terminate Withers, Milan testified that she was getting dissatisfied with Withers' absences and that, as such, she unilaterally placed her on a medical LOA until March 12, 2012, and required Withers to return to work with a medical release. When Milan requested guidance in early March about what to do regarding Withers' absences, assistant HR director, JoDee Tinga, told her to put Withers on a LOA. However, HR

4

Director, Angela Giese, who had the authority to approve LOAs, did not approve Withers'

medical LOA and told Milan to terminate Withers because she was ineligible for a medical

LOA due to the fact she had not been employed full time with MRMC for at least 90 days.

EEOC did present evidence that MRMC was inconsistent in determining who actually

made the decision to terminate Withers, and that MRMC did not follow its policies and

procedures in putting Withers on the medical LOA. However, Milan testified that it did not

matter why someone had an unexcused absence and that she was getting dissatisfied with

Withers' absences and had already sought guidance as to how to handle Withers' absences.

The Court, construing the evidence and inferences in favor of MRMC, finds that the jury

could reasonably infer that while the policies and procedures were not followed with the

termination of Withers, the decision and process to terminate Withers, while wrongful, was

not because of Withers' skin cancer, but because of her excessive absences.

      B.     <u>New trial due to alleged errors committed at trial</u>

EEOC contends that errors committed during the trial entitles it to a new trial.

Specifically, EEOC contends that MRMC introduced irrelevant and inadmissible evidence

about Withers' radiation treatment and its supposed side effects that were not known to or

considered by MRMC when it forced Withers to take a medical LOA and then terminated

her. MRMC contends that no substantial errors were committed that substantially

prejudiced EEOC entitling it to a new trial.

Having carefully reviewed the parties' submissions, the Court finds that EEOC has

not demonstrated that any trial errors constituted prejudicial error against it. Specifically,

EEOC's assertions that it was substantially prejudiced during the trial rely on the fact that

MRMC was allowed to elicit testimony, over EEOC's objection, regarding Withers' interaction (or lack thereof) with her doctor regarding her skin cancer; however, the Court finds that even if it was improper to allow evidence regarding Withers' interactions with her skin cancer doctor, it cannot be reasonably concluded that if said evidence was excluded the jury's verdict would have been different and, thus, EEOC's substantial rights were not prejudiced by allowing evidence of Withers' interactions with her skin cancer doctor.

####   C.      Reconsideration of Court's summary judgment order

EEOC contends that it was entitled to summary judgment as a matter of law in this matter because had the Court not considered the errata sheet submitted by MRMC's Rule 30(b)(6) deponent Bay, it would have been undisputed that the medical LOA Withers was placed on was legally protected as a reasonable accommodation. MRMC contends that EEOC's request for reconsideration of the Court's Order on summary judgment in this matter is untimely, and, further, that EEOC is barred from raising this argument because it was not made in its Rule 50(a) motion at trial.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

6

Having carefully reviewed the parties' submissions, the Court finds that EEOC has not set forth any new grounds warranting reconsideration of the Court's Order on EEOC's motion for summary judgment in this matter. Specifically, the first time EEOC asserted its position that the errata sheet of Bay should have been struck was in its reply brief to MRMC's response to EEOC's Motion for Partial Summary Judgment. At the time the Court made its ruling on EEOC's motion for summary judgment, the issue of striking the errata sheet was not properly before the Court and, therefore, had no impact on the Court's ruling on whether MRMC violated the ADA when it terminated Withers. Further, the Court finds that EEOC's request for the Court to reconsider its Order on EEOC's motion for summary judgment is untimely, and essentially moot, as the issue of reasonable accommodation was not an issue EEOC pursued at trial or raised in its Rule 50(a) motion for judgment as a matter of law at trial. Therefore, for the reasons set forth above, the Court finds that EEOC is not entitled to judgment as a matter of law.

IV.    Conclusions

Accordingly, for the reasons set forth above, the Court DENIES EEOC's Post-Trial Motion for Judgment as a Matter of Law & Brief in Support [docket no. 166].

**IT IS SO ORDERED this 13th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE