# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-789-M |
| MIDWEST REGIONAL MEDICAL CENTER, LLC., | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiff EEOC's Motion to Review Taxation of Costs & Supporting Brief, filed October 31, 2014. On November 21, 2014, defendant responded. EEOC challenges the Court Clerk's decision to allow defendant to recover certain costs for copies totaling $252.64 and transcripts totaling $311.68, and seeks an order from this Court reducing the Court Clerk's award of costs to defendant from $3,890.33 to $3,326.01. Specifically, EEOC contends that defendant's costs of $139.66 for color copies were not necessary and, therefore, not recoverable. Further, EEOC contends that all but $.30 of defendant's copies in black and white are not recoverable. Lastly, EEOC contends that defendant's costs of $311.68 for transcripts are not recoverable because the transcripts in question were not offered into evidence at trial. Defendant contends that the challenged costs were reasonable and necessary for the use in this matter, and that EEOC's requests are contrary to the law and should be denied.

Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 entitle the prevailing party to recover certain of the costs incurred in an action. 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs . . . fees for exemplification and the costs of making copies of any

> materials where the copies are necessarily obtained for use in the case.

28 U.S.C. § 1920(4). The Tenth Circuit has found that:

> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Materials produced "solely for discovery" do not meet this threshold. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial."
>
> Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." The standard is one of reasonableness. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."

*In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009) (internal citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendant is not entitled to the costs of the transcripts of John Paul and Amy Voliva, as they were not used at the trial in this matter but is entitled to the costs for the black and white and color copies that EEOC

challenges. Therefore, the Court finds that the Court Clerk's award of costs to defendant should be reduced by $311.68 and defendant should be awarded $3,578.65 in costs as the prevailing party.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff EEOC's Motion to Review Taxation of Costs & Supporting Brief [docket no. 170] and AWARDS defendant costs in the amount of $3,578.65 in this matter.

**IT IS SO ORDERED this 13th day of September, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE